## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OSCAR C. DANTZLER,

           *Plaintiff*,

    v.

WILLIAM W. JORDEN, *et al.*,

           *Defendants*.

Case No. 1:24-cv-00986 (ACR)

### MEMORANDUM OPINION AND ORDER

Plaintiff Oscar C. Dantzler, a resident of the Parish of Tangipahoa, Louisiana, sought to run for governor of Louisiana in 2023, but a state court disqualified him for filing a false certification on his notice of candidacy form.  Plaintiff, proceeding *pro se*, sues all the parties involved in his disqualification for allegedly conspiring to prevent him from becoming governor of Louisiana.

Defendants move to dismiss on multiple grounds under Federal Rule of Civil Procedure 12.  *See* Dkts. 20, 22, 25.  The Court agrees that it lacks subject-matter jurisdiction over Plaintiff's 28 U.S.C. § 1361 claims and that it lacks personal jurisdiction over all Defendants.  Because the Court dismisses all of Plaintiff's claims on these grounds, the Court need not address Defendants' other arguments for dismissal.  Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss, Dkts. 20, 22, 25.  And because it is not in the interest of justice to transfer this case, the Court **DENIES** Plaintiff's Motion to Transfer Venue, Dkts. 21, 26.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court takes the facts from Plaintiff's Complaint and Amended Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139

(D.C. Cir. 2011).  The Court must construe a *pro se* complaint together with all the plaintiff's filings, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), and must read all *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

Plaintiff's claims stem from a Louisiana state court lawsuit that resulted in his disqualification from the 2023 Louisiana governor's race.  Dkt. 1 at 3.  In August 2023, Defendant Anthony L. Jackson, Jr. filed a petition in the Louisiana Nineteenth Judicial District Court to disqualify Plaintiff from the gubernatorial race for filing a false certification on his notice of candidacy form.  *Id.* at 4.  Plaintiff alleges that the judge presiding over the lawsuit, Defendant Judge William W. Jorden, allowed fraudulent and perjurious pleadings to be filed against Plaintiff, engaged in unethical behavior, and interfered with Plaintiff's constitutional rights.  Dkt. 5 at 9–13.  Plaintiff further contends that Defendants Mr. Jackson and Judge Jorden, as well as Douglas Welborn, Alvin Johnson, Cherie T. Henley, John B. Edwards, Yolanda Cezar, and the Nineteenth District Court of Louisiana, conspired to prevent him from becoming governor of the Pelican State.[1]  *Id.*

On April 5, 2024, Plaintiff filed suit in this Court against all Defendants except Ms. Cezar.  Dkt. 1.  A month later, Plaintiff filed an Amended Complaint adding Ms. Cezar to the list of Defendants.  Dkt. 5.  The claims in Plaintiff's Complaints are long, repetitive, vague, and hard to parse.  That said, the Court understands Plaintiff's claims to be for general violations of his

---

[1] Many a pelican call Louisiana home: the brown pelican is Louisiana's state bird, and a mother pelican and her three chicks appear on the state flag.  *See State Symbols*, LOUISIANA.GOV, https://www.louisiana.gov/about-louisiana/state-symbols/ (last visited Oct. 17, 2024).

rights of due process, equal protection, and access to courts, as well as for specific violations of 28 U.S.C. § 1361, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 1965(a).

Five of the eight Defendants moved to dismiss in three separate motions.  *See* Dkts. 20, 22, 25.  All motions argue that the Court lacks personal jurisdiction over the Defendants, *see id.*, and two of the three motions argue that the Court lacks subject-matter jurisdiction over Plaintiff's section 1361 claims, *see* Dkts. 20, 25.  The motions advance additional arguments in support of dismissal: improper venue, *see* Dkts. 20, 22, 25, insufficient service of process, *see* Dkts. 20, 22, failure to state a claim upon which relief can be granted, *see* Dkts. 20, 25, and lack of procedural capacity and violations of the judicial immunity doctrine, the *Rooker-Feldman* doctrine, and the Eleventh Amendment, *see* Dkt. 22.

In response to this flurry of motions, Plaintiff filed a Motion to Transfer Venue.  *See* Dkts. 21, 26.

## II.    LEGAL STANDARDS

Of the multiple grounds for dismissal that Defendants raise, only two are necessary to dispose of this case: lack of subject-matter jurisdiction under Rule 12(b)(1) and lack of personal jurisdiction under Rule 12(b)(2).

The plaintiff bears the burden of establishing subject-matter jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  In deciding a motion to dismiss under Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co.*, 642 F.3d at 1139.  A court may consider "the complaint standing alone"; alternatively, it may consider the "complaint supplemented by

undisputed facts evidenced in the record." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

The plaintiff also bears the burden of "establishing a factual basis for the exercise of personal jurisdiction over the defendant[s]." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To do so, the plaintiff "must allege specific acts connecting [each] defendant with the forum." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up). In deciding a motion to dismiss under Rule 12(b)(2), a court may again consider materials outside the pleadings, *see Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005), and any "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," *Crane*, 894 F.2d at 456.

### III.    ANALYSIS

#### A. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Section 1361 Claims

Plaintiff cites 28 U.S.C. § 1361 as the basis for the Court's subject-matter jurisdiction for issuing writs of mandamus against Defendants. Dkt. 1 at 1. Under section 1361, district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts interpret section 1361 to apply to employees of the *federal* executive branch. *See United States v. Choi*, 818 F. Supp. 2d 79 (D.D.C. 2011) (citing *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007); *Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, Plaintiff did not file claims against any employee of the federal executive branch. Rather, Plaintiff filed claims against private citizens who are either state government employees or acting in an individual capacity and against a state court in Louisiana. *See* Dkt. 5. Because

section 1361 confers jurisdiction on this Court over federal executive branch employees, and

none of the named Defendants is a federal executive branch employee, the Court lacks

jurisdiction to issue a writ of mandamus against any of the Defendants.

The Court therefore dismisses Plaintiff's section 1361 claims against all Defendants for

lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(b)(1).

## B.  The Court Lacks Personal Jurisdiction Over All Defendants

To establish personal jurisdiction, a plaintiff "must allege some specific facts evidencing

purposeful activity by the defendants in the District of Columbia by which they invoked the

benefits and protections of the laws of the District of Columbia."  *Cockrum v. Donald J. Trump

for President, Inc.*, 319 F. Supp. 3d 158, 175 (D.D.C. 2018).  In assessing whether it has personal

jurisdiction over a non-resident, a court "must first examine whether jurisdiction is applicable

under the state's long-arm statute."  *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d

1343, 1347 (D.C. Cir. 2000).  If yes, then a court must determine "whether a finding of

jurisdiction satisfies the constitutional requirements of due process."  *Id.*

Plaintiff concedes that all Defendants reside in Louisiana.  Dkt. 26 at 2.  Because all

Defendants are non-residents of the District of Columbia, the Court turns to the District's long-

arm statute.  *See* D.C. CODE § 13-423(a).  But the Court need not tarry there long because

Plaintiff fails to allege *any* acts committed by Defendants in or relating to the District of

Columbia.  In fact, Plaintiff concedes that all events giving rise to his claims occurred in

Louisiana.  Dkt. 26 at 2.  Consequently, Plaintiff cannot establish that Defendants transacted any

business, contracted to supply any services, or caused any tortious injury in the District of

Columbia.  Because all Defendants are non-residents of the District of Columbia, and the

District's long-arm statute does not reach any of the Defendants, the Court lacks personal

jurisdiction over all Defendants.

The Court therefore dismisses Plaintiff's remaining claims for lack of personal jurisdiction.  FED. R. CIV. P. 12(b)(2).

### C.  The Court Will Not Transfer Plaintiff's Case

Having dismissed all of Plaintiff's claims, the Court addresses Plaintiff's Motion to Transfer Venue, Dkts. 21, 26.  "A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants."  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)).  However, "[t]he decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."  *Id.*  In *Naartex*, the D.C. Circuit affirmed an order dismissing, rather than transferring, a case in which the district court lacked personal jurisdiction over some defendants because "substantive problems" plagued the plaintiff's claims.  *Id.*

Here, "substantive problems" abound.  Chief among them is lack of subject-matter jurisdiction over Plaintiff's section 1361 claims—a problem that will persist even if the Court transfers the case to another venue.  Moreover, a cursory review of Plaintiff's Complaints (which, again, are long, repetitive, vague, and hard to parse) convinces the Court that he will encounter substantive Rule 12 and constitutional problems no matter the venue.

Heeding Benjamin Franklin's advice to "[n]ever leave till tomorrow that which you can do today," the Court finds that it is not in "the interest of justice" to transfer this case, 28 U.S.C. § 1406(b), and denies Plaintiff's Motion to Transfer, Dkts. 21, 26.

### IV.    CONCLUSION AND ORDER

The Court lacks subject-matter jurisdiction over Plaintiff's section 1361 claims and lacks personal jurisdiction over all Defendants.  The Court finds that it is not in the interest of justice

to transfer this case.

For these reasons, the Court hereby

**GRANTS** Defendants' Motions to Dismiss, Dkts. 20, 22, 25.  The Court

**DENIES** Plaintiff's Motion for Entry of Default, Dkt. 9, Defendant's Motion for Pre-

Motion Conference, Dkt. 11, Plaintiff's Motion for Leave to File Expedited Motion, Dkt.

17, Plaintiff's Motion for Hearing, Dkt. 19, and Plaintiff's Motion to Transfer Case, Dkts.

21, 26.  The Court

**DISMISSES** Plaintiff's Complaint, Dkt. 1, Plaintiff's Amended Complaint, Dkt. 5, and

this case without prejudice.  And the Court

**DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**.

This is a final appealable Order.  *See* FED. R. APP. P. 4(a).


Date: November 20, 2024                         _____
                                                ANA C. REYES
                                                United States District Judge